Fatjon ALO, Petitioner,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 06–3466–ag.

United States Court of Appeals, Second Circuit.

March 2, 2007.

**36**

Glenn T. Terk, Wethersfield, CT, for Petitioner.

Peter D. Keisler, Assistant Attorney General, Michelle Gorden Latour, Assistant Director, Joseph A. O'Connell, Trial Attorney, Office of Immigration Litigation, Washington, DC, for Respondent.

PRESENT: Hon. JOSÉ A. CABRANES, Hon. SONIA SOTOMAYOR and Hon. REENA RAGGI, Circuit Judges.

### SUMMARY ORDER

Petitioner Fatjon Alo, a native and citizen of Albania, seeks review of a June 30, 2006 order of the BIA affirming the April 4, 2005 decision of Immigration Judge ("IJ") Michael W. Straus denying petitioner's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In Re Fatjon Alo*, No. A98 045 467 (B.I.A. June 30, 2006), *aff'g* No. A98 045 467 (Immig. Ct. Hartford Apr. 4, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), this Court reviews the IJ's decision as the final agency determination. *See, e.g., Twum v. INS*, 411 F.3d 54, 58 (2d Cir.2005). This Court reviews factual findings under the substantial evidence standard. See 8 U.S.C. § 1252(b)(4)(B); *Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir. 2004). Meanwhile, to the extent the IJ's past persecution finding involves the application of law to a particular set of facts, this Court reviews that finding *de novo*. *See, e.g., Edimo–Doualla v. Gonzales*, 464 F.3d 276, 282 (2d Cir.2006). The BIA has defined persecution as "a threat to the life or freedom of, or the infliction of suffering or harm upon, those who differ in a way regarded as offensive." *Matter of Acosta*, 19 I. & N. Dec. 211, 212 (BIA 1985). Persecution may also consist of non-life-threatening violence and physical abuse, *see Beskovic v. Gonzales*, 467 F.3d 223, 226

n. 3 (2d Cir.2006) (internal citations omitted), if sufficiently severe to rise above "mere harassment," *see Ivanishvili v. U.S. Dep't of Justice,* 433 F.3d 332, 341 (2d Cir.2006). The agency must consider the context in which the harm occurred to determine whether it constituted persecution rather than mere harassment. *See Beskovic,* 467 F.3d at 226.

■ Substantial evidence supports the IJ's findings that Alo failed to establish past persecution or a well-founded fear of future persecution on account of his membership in the Albanian Democratic Party. In support of his past persecution claim, Alo testified that he was suspended from high school for six weeks for staging a protest, six of his parents' milking cows were killed, and his parents' water supply was turned off. Even assuming that these events, individually or collectively, constitute past persecution, substantial evidence supports the IJ's conclusion that Alo failed to prove the necessary causal nexus, *i.e.,* that they occurred on account of his political opinion. *See Ivanishvili,* 433 F.3d at 341; *Melgar de Torres v. Reno,* 191 F.3d 307, 313 n. 2 (2d Cir.1999).

■ Because Alo was unable to prove past persecution, he could not rely on any presumption to establish a well-founded fear of future persecution. *See* 8 C.F.R. § 208.13(b)(1). Substantial evidence supports the IJ's conclusion that Alo failed to establish a well-founded fear that he would be personally targeted for harm upon return to Albania based on his membership in the Democratic Party. Alo lived safely with his sister in Tirana for several months before fleeing Albania, and he did not indicate that he had any problems with the Socialists or any one else during this period. And after conducting an extensive analysis of the State Department Country Reports in his decision, the IJ reasonably found that DP members are not subject to

a pattern of persecution in Albania. Indeed, this court has taken "judicial notice of the fact that the Democratic Party returned to power in Albania through general elections in July [2005]." *Latifi v. Gonzales,* 430 F.3d 103, 106 n. 1 (2d Cir.2005).

■ Because Alo was unable to show the objective likelihood of future persecution needed to establish eligibility for asylum, he was necessarily unable to meet the higher standard required to succeed on a claim for withholding of removal. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006). In addition, the IJ did not err in denying Alo's CAT claim. As explained above, he was unable to demonstrate that he would be personally targeted upon return to Albania, and he failed to establish that country conditions compelled a finding that he would likely face harm upon his return. Accordingly, the IJ's determination that Alo also failed to prove that he would likely face torture in Albania is supported by substantial evidence.

■ Alo asserts in his brief that the BIA erred in deciding his case without opinion because the IJ's decision was flawed. However, the Court lacks jurisdiction to review a BIA member's decision to resolve a particular appeal unilaterally and without opinion pursuant to 8 C.F.R. § 1003.1(e)(4), rather than referring it to a three-member panel. *See Kambolli v. Gonzales,* 449 F.3d 454, 463 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED in part and DISMISSED in part for lack of jurisdiction. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure

34(a)(2), and Second Circuit Local Rule 34(d)(1).